**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANGEL HERNANDEZ,**

                **Plaintiff,**

**-vs-**                                                            **Case No. 6:08-cv-927-Orl-28GJK**

**MOHAWK INDUSTRIES, INC.,**

                **Defendant.**

_____

## ORDER

This cause is before the Court on Defendant's Motion to Strike Affidavits (Doc. 37) and Plaintiff's Response (Doc. 38) thereto. Defendant asks the Court to strike two of the affidavits that Plaintiff submitted in opposition to Defendant's motion for summary judgment, and Defendant also asks that portions of two other affidavits be stricken.

Defendant argues that two of the affiants at issue—Richard Cella and Jose Perez—were not timely disclosed as witnesses by Plaintiff and, quoting Federal Rule of Civil Procedure 37(c), that therefore Plaintiff "is not allowed to use that . . . witness to supply evidence on a motion." The Court agrees,[1] and on this basis, the affidavits of Richard Cella and Jose Perez shall be stricken and shall not be considered by the Court in assessing

---

[1]Plaintiff does not dispute that these witnesses were not disclosed prior to the filing of their affidavits. Plaintiff argues merely that Defendant itself refused to answer interrogatories or to provide names of witnesses. (See Doc. 38 at 6). However, Plaintiff has not sought to strike any of Defendant's evidence, and the issue of whether Defendant failed to timely disclose witnesses is not before the Court.

Defendant's summary judgment motion.

Defendant also seeks to strike portions of the affidavits of Enrique Alvarez and of Plaintiff himself. Defendant argues that these affidavits contain conclusory allegations and in part are based on hearsay. Additionally, Defendant argues that Plaintiff's affidavit contains assertions that are inconsistent with Plaintiff's deposition testimony and that pertain to an issue that is not properly before the Court. Although the Court declines to formally strike the allegedly improper portions of the affidavits of these two witnesses, in ruling on Defendant's Motion for Summary Judgment the Court will, of course, consider and assess the relevance and competence of this and other evidence presented with regard to that motion. See Snow v. Bellamy Mfg. & Repair, CIV. A. No. 1:94-cv-957-JTC, 1995 WL 867859, at *2 (N.D. Ga. Sept. 26, 1995) ("If, however, the Court finds that the offending paragraphs or exhibits are inadmissible for the purposes of the motion for summary judgment, it will not consider them for that purpose.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Strike Affidavits (Doc. 37) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent it seeks to strike the affidavits of witnesses Richard Cella and Jose Perez. These affidavits shall not be considered by the Court in ruling on Defendant's motion for summary judgment. The motion is **DENIED** to the extent it seeks to strike portions of the affidavits of Enrique Alvarez and Plaintiff.

2. Defendant's Motion for Leave to File Reply (Doc. 40) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 10th day of November, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record