# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGEL HERNANDEZ,**

           **Plaintiff,**

-vs-                                                          **Case No. 6:08-cv-927-Orl-28GJK**

**MOHAWK ESV, INC.,**

           **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEY'S FEES WITH INCORPORATED MEMORANDUM OF LAW AND CERTIFICATE OF GOOD FAITH (Doc. No. 81)** |
| **FILED:** | **December 31, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I. BACKGROUND

On June 9, 2008, Plaintiff Angel Hernandez ("Plaintiff") filed a complaint ("Complaint") against Defendant Mohawk ESV, Inc. ("Defendant") alleging job discrimination. Doc. No. 1. Specifically, Plaintiff alleged that on multiple occasions, he complained "to his supervisors and the office of Human Relations for Defendant . . . that Defendant's Orlando division was in violation of several safety regulations established by the Occupational Safety and Health

Administration, the Department of Transportation, and Defendant." *Id.* at 2-3, ¶ 14. On or about February 6, 2007, Plaintiff was in a motor vehicle accident while driving a long-haul truck for the Defendant, which, according to Plaintiff, was caused because the trailer had been improperly loaded and inadequately secured. *Id.* at 4, ¶¶ 19-25. Plaintiff states that his supervisors and Defendant incorrectly found that Plaintiff was at fault for the accident. *Id.*, ¶ 27.

On or about February 15, 2007, Plaintiff was accused of colliding with another company's truck. *Id.*, ¶¶ 30-34. Plaintiff alleges he was not the cause of any damage as he "drove the truck or 'tractor' away from the dock, without incident." *Id.*, ¶ 31. Nevertheless, Defendant found Plaintiff to be at fault and terminated Plaintiff's employment. *Id.*, ¶¶ 34, 35. On June 9, 2008, Plaintiff filed the Complaint, which contained the following counts:

1. Count I – Disability Discrimination under 42 U.S.C.A. § 12101, et seq., 42 U.S.C.A. § 12112 and Florida Statutes, § 760.10;

2. Count II – Age Discrimination under 29 U.S.C.A. § 623 and Age Discrimination in Employment Act under Florida Statutes, § 760.10;

3. Count III – Retaliation under 49 U.S.C.A. § 31105, Surface Transportation Assistance Act;

4. Count IV – Florida Statutes, §§ 448.102 and 448.103, Florida Whistleblower Act (herein, "FWA"); and

5. Count V – Wrongful Discharge, Breach of Contract.

Doc. No. 1.

On July 14, 2008, Defendant answered Plaintiff's Complaint ("Answer") denying the allegations raised therein and asserting sixteen affirmative defenses. Doc. No. 7.

On July 17, 2009, Defendant filed a motion for summary judgment ("MSJ"). Doc. Nos. 34, 35. Defendant maintained that Plaintiff's employment was terminated in accordance with its corrective action policy. *Id.* On July 27, 2009, Plaintiff filed a response ("MSJ Response") to the Defendant's MSJ. Doc. No. 36. On November 10, 2009, the Honorable John Antoon II granted in part and denied in part Defendant's MSJ. Doc. No. 58. The MSJ was granted with respect to Counts I, II, III, and V, and denied as to Count IV. *Id.* Therefore, on December 14, 2009, Plaintiff's Count IV under the FWA proceeded to trial before a jury. Doc. No. 71. On December 16, 2009, the jury returned a verdict in the Defendant's favor finding that Plaintiff did not engage in a protected activity under the FWA. Doc. Nos. 74, 76. On December 17, 2009, Judgment was entered in favor of Defendant and against Plaintiff. Doc. No. 80.

On December 31, 2009, Defendant filed a Motion for Attorney's Fees ("Motion") against Plaintiff seeking attorneys' fees as the prevailing party under Florida Statute § 448.104. Doc. No. 81. Defendant argues at least three of the five factors the Court should consider in determining whether to award attorneys' fees favor such an award. Doc. No. 81 at 3. Defendant argues it should be awarded its attorney's based on the following three:

- At trial, Plaintiff was unable to establish that he had engaged in any protected activity under the FWA, and, therefore, an award of fees would not frustrate the policy behind the FWA;
- Plaintiff's claim lacked any legal or factual support; and
- Plaintiff did not act in good faith in taking the matter to trial as he had no "reasonable basis for concluding that he could prevail on his claims."

Doc. No. 81 at 3-5. Defendant also maintains that even though the FWA is the only legal basis

for an award of legal fees, it should be awarded all fees it incurred in this case. *Id.* at 5.

On January 12, 2010, Plaintiff filed a response ("Response") in opposition to Defendant's Motion. Doc. No. 84. Plaintiff maintains that he acted in good faith in pursuing his claims and that his legal position had arguable merit. *Id.* at 3. Plaintiff notes that the Court's unwillingness to grant summary judgment in Defendant's favor with respect to his FWA claim bolsters his position that he acted in good faith and with arguable merit. Plaintiff also states that he did not engage in excessive discovery or unnecessarily extend the litigation. *Id.* at 5. Finally, Plaintiff relies on two trial exhibits that "actually show [Plaintiff] had specified the nature of his complaints about the unsafe loading of trailers to [Defendant]'s appeal committee." *Id.* at 8.[1] Therefore, Plaintiff maintains that Defendant's Motion should not be granted. *Id.* at 10.

## II. THE LAW

### A. Florida Statute § 448.104

Florida Statute § 448.104 states: "A court *may* award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448.104 (emphasis added). In *Bell v. Georgia-Pacific Corp.*, Case No. 5:04-cv-50OC1-GRJ, 2005 WL 1618223, *1 (M.D. Fla. July 6, 2005), the court stated:

> An award of attorneys' fees is not automatic and is left to the discretion of the district court. However, <u>a prevailing defendant is not required to show that the plaintiff's case was frivolous to be awarded its attorneys' fees</u>. The one Florida state court to have considered the issue in a reported decision rejected the invitation to apply Title VII's standard for awarding fees and declined to require that a plaintiff's action be "frivolous, unreasonable, or without foundation" before attorneys' fees may be awarded to the prevailing defendant under § 448.104.

---

[1] Plaintiff's Exhibit No. 31 and Defendant's Exhibit No. 8 appears to be Plaintiff's account of the motor vehicle accident described above, wherein Plaintiff states that his truck was not properly loaded and he was not at fault for the accident.

4

*Id.* (emphasis added) (citing *New World Communications of Tampa, Inc. v. Akre*, 866 So.2d 1231, 1235 (Fla. 2nd DCA 2003); *Gamb v. Hilton Hotels Corp.*, No. 95-466-Civ-Orl-19, 1997 WL 893874 at *2 (M.D. Fla. Sept. 26, 1997); *McGregor v. Bd. of County Comm'rs*, 130 F.R.D. 464 (S.D.Fla.1990)). Therefore, the standard set forth in *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), which requires that a court find that a plaintiff's claim was frivolous, unreasonable, or groundless, or the plaintiff continued to litigate after the claim clearly became so, does not apply to fee awards under Section 448.104. *New World Communications of Tampa, Inc*, 866 So.2d at 1235; *Stone v. Geico General Insurance Co.*, Case No. 8:05-cv-636-T-30TBM, 2006 WL 3333674 at *3-4 (M.D. Fla. Nov. 16, 2006). Nevertheless, the court in *Bell* concluded:

> [T]he Defendant <u>is not entitled to an award of attorneys' fees in this case</u>. The Plaintiff's whistleblower's claim was not frivolous, and in light of the obvious gross disparity of resources between the Plaintiff and the Defendant an award of the fees in the magnitude sought by the Defendant could have an unwarranted "chilling" affect upon other worthy individual claimants. <u>The whistleblower's statute establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosures, and while an award of fees to a prevailing Defendant is authorized by the statute, the same statute preserves the Court's discretion to withhold such awards when the granting of fees could be a disservice to the remedial purpose of the statute itself</u>.

*Bell*, 2005 WL 1618223 at *1 (emphasis added). The Eleventh Circuit has held: "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." *Sherry Mfg. Co. v. Towel King of Fla.*, 822 F.2d 1031, 1034 (11th Cir.1987). In *James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1336, 1339 (S.D. Fla. 2007), the court noted that the plaintiff failed to establish a *prima facie* case on his FWA claim, but denied an award of attorney's fees to the defendant because plaintiff "acted in good faith and his legal claim had arguable merit". *Id.*

5

A court should consider the following factors when determining whether an award of fees is appropriate:

1. the scope and history of the litigation, including whether the plaintiff continued to prosecute the action despite the presence of an efficient resolution to the case;
2. the parties' wealth disparity;
3. whether an award of fees would frustrate the FWA's remedial purpose by deterring worthy claimants;
4. whether the opposing party's case was meritorious or frivolous; and
5. whether the opposing party acted in good or bad faith.

*Blanco v. TransAtlantic Bank*, 2009 WL 2762361 at * 2 (S.D. Fla. Aug. 31, 2009).

### III.  APPLICATION

Defendant is the prevailing party in the instant litigation by virtue of the Judgment entered against Plaintiff. However, whether the Defendant is entitled to an award of attorney's fees is within this Court's discretion. *Bell*, 2005 WL 1618223 at *1. As the moving party, Defendant bears the burden of showing an award of fees is appropriate. As set forth above, Defendant argues that at least three of the five factors support an award of attorneys' fees. Doc. No. 81 at 3. However, Defendant only addresses three of the factors the Court must consider. More specifically, Defendant argues: 1) an award would not frustrate the policy behind the FWA because the jury did not find that Plaintiff engaged in any protected activities; 2) Plaintiff's claim lacked any legal or factual support; and 3) Plaintiff did not act in good faith. Doc. No. 81 at 3-4. Thus, Defendant implicitly concedes that the first two factors weigh in Plaintiff's favor. *Id.*

Plaintiff maintains that he did not unnecessarily extend the litigation, he acted in good faith, he made numerous complaints about the inadequate loading of the trailors, and, therefore, his case was not frivolous. Doc. No. 84 at 4-7. Plaintiff states that the facts of this case, including his testimony and exhibits, establish that he made "numerous clear complaints about the unsafe loading of trailors, and the evidence showed that [Defendant] acknowledged these complaints and that [Defendant] acknowledged it failed to properly load the trailors." *Id.* at 6. Plaintiff states: "It appears that the jury decided from the evidence that his complaints were not sufficiently communicated to [Defendant], and that the jury decided to believe the testimony of [Defendant]'s employees over [Plaintiff]." Doc. No. 84 at 7. Plaintiff cites to *Bush v. Raytheon Co.*, Case No. 8:07-cv-2087-T-24AEP, 2009 WL 5128040 at *3 (M.D. Fla. Dec. 21, 2009), wherein the court stated: "While Bush may have acted stubbornly and foolishly by bring[ing] this claim, the Court does not find that he acted in bad faith. The Court finds that Bush sincerely, but wrongly, believed the accusations he made against Raytheon." *Id.*

Taking into account the factors set forth above, the Court makes the following findings:

1. Defendant has failed to show that the scope and history of this case as well as potential opportunity for a resolution favor an award of attorneys' fees.

2. Defendant has failed to show the parties' wealth disparity favors an award of fees.

3. Plaintiff did not continue to prosecute his case despite a more efficient resolution of the case considering the Court is unaware of any "efficient resolution" presented to the Plaintiff. Furthermore, the Defendant was not successful as to the FWA claim on summary judgment. Therefore, the FWA claim proceeded to trial.

4. An award of fees could potentially frustrate the FWA's remedial purpose by deterring

worthy claimants. The Court notes that Defendant's MSJ was denied and the jury ultimately determined that Plaintiff had not engaged in protected activity. *See* Doc. No. 76. However, just because the jury made such an adverse finding does not necessarily mean that the policy behind FWA' remedial purpose would not be frustrated by an award of fees. In fact, any potential FWA complainant may be hesitant to file a case knowing that even if his claim proceeded to a jury trial he may be responsible to pay the defendant's attorneys' fees if the jury rejects his claim.

5. The Court does not find that Plaintiff's case was without merit or frivolous. Plaintiff alleged that he made several complaints regarding the unsafe loading of the trailers and that Defendant acknowledged those complaints. The Plaintiff's FWA claim was not defeated on summary judgment and proceeded to trial. Plaintiff's failure to establish a *prima facie* case does not mean his legal claim lacked merit. *James*, 489 F.Supp.2d at 1339.

6. There is no evidence that the Plaintiff acted in bad faith in pursuing his claims.

*Blanco*, 2009 WL 2762361 at * 2. As set forth in *Bell*, the Court should decline to award fees to a prevailing defendant if it "could be a disservice to the remedial purpose of the statute itself." *Bell*, 2005 WL 1618223 at *1. Accordingly, it is recommended that the Court find an award of attorney's fees for the Defendant is not warranted.

## IV. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant's Motion (Doc. No. 81) be **DENIED**.

Failure to file and serve written objections to the proposed findings and recommendations in this report within fourteen (14) days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 26, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II
Counsel of Record

9